IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-478-BO

| | |
|---|---|
| AILEEN ROWE, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| MICHAEL J. ASTRUE, | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings. Plaintiff argues that the Administrative Law Judge ("ALJ") erred on a number of grounds in making its decision. The Commissioner argues that substantial evidence supported the determination by the ALJ. For the reasons stated below, the ALJ's decision is AFFIRMED.

## BACKGROUND

Plaintiff applied for Social Security Disability ("SSD") benefits on January 6, 2005, with an alleged onset date of July 30, 2004. Transcript ("T"), p. 91. In the application, Plaintiff alleged a disability resulting from a tear of a ligament in her left hand. T, p. 101. Prior to filing for SSD, Plaintiff worked as a healthcare technician in a psychiatric hospital from September, 1981 to July, 2004. T, pp. 102-103. During that time, her responsibilities included lifting patients, pushing wheelchairs and sometimes moving furniture. T, pp. 102-103. On March 7, 2005, DDS denied Plaintiff's claim at Step 5 of the Sequential Evaluation Process ("SEP"), stating that while Plaintiff could not perform past work, she could do "less demanding work."

1

T, p. 79.

ALJ Larry J. Miller held a hearing for Plaintiff on June 28, 2007. On January 24, 2007, the ALJ issued a decision in which he said that Plaintiff could perform a wide range of light, unskilled work. T, p. 23. At Step 5 of the SEP, the ALJ found that Plaintiff was not disabled. T, p. 25.

From that determination, Plaintiff filed a Request for Review. T, p. 14, 19. The final denial of Plaintiff's Request for Review was issued by the Appeals Council on November 1, 2007. T, pp. 14, 19. Plaintiff then filed a Motion for Judgment on the Pleadings on April 12, 2008. This motion was heard on October 14, 2008, and is now before the Court.

## DISCUSSION

Substantial evidence supports the Commissioner's final determination that Plaintiff was capable of performing light, unskilled work and not disabled within the meaning of the Social Security Act ("SSA"). Accordingly, this Court AFFIRMS the ALJ's decision.

A. <u>ALJ performed proper listing analysis and evaluated medical records appropriately.</u>

Plaintiff contends the ALJ failed to conduct a proper listings analysis. This Court disagrees. Plaintiffs bear the burden of proving their condition meets a listing and, accordingly, the responsibility of producing evidence to sustain their claims. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). In the instant case, "ample evidence" to support a finding that Plaintiff's ailment equaled a listed impairment simply did not exist in the record. *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986). While arguing that the ALJ failed to articulate why her medical impairments do not combine to meet a listing requirement, Plaintiff fails to articulate why her medical impairments do, in fact, meet all of the elements of a given listed impairment. *Sullivan*

*v. Zebley*, 493 U.S. 521, 530 (1990)("For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.")(internal citation omitted). Accordingly, Plaintiff failed to meet its burden. This Court finds the ALJ conducted a proper listing analysis.

Plaintiff also contends the ALJ failed to properly evaluate the medical information. Again, this Court disagrees. While Plaintiff asserts the ALJ effectively cherry-picked medical evidence to support its finding, Plaintiff fails to identify specifically which portions of her medical records the ALJ omitted from its decision or how that evidence would support a finding of disability. Moreover, Plaintiff appears to disregard the ALJ's discussion of Dr. Le's opinion as well as the detailed account of the medical evidence supporting his RFC opinion. T, p. 22-23. Accordingly, the ALJ properly evaluated the medical information.

B. ALJ's evaluation of Plaintiff's credibility.

Next, Plaintiff takes issue with the ALJ's credibility determination, contending the ALJ improperly made its determination. Again, this Court disagrees. In the instant case, in addition to its review of the relevant evidence of record and the objective medical information, the ALJ inquired as to the intensity, location, duration, frequency, persistence and limiting effects of the impairments and pain described by Plaintiff. T, pp. 22-23. Further, the ALJ considered Plaintiff's past and present activities as well as her statements relating to her treatment and the effect of her symptoms on her daily living and ability to work. T, pp. 22-23; 20 C.F.R. 404.1529(a). In doing so, the ALJ made a credibility determination relating to Plaintiff. The Court finds the ALJ properly evaluated Plaintiff's

3

subjective complaints of pain and credibility.

C. <u>ALJ's reliance on hypothetical questions.</u>

Lastly, Plaintiff contends the ALJ's hypothetical questions were improper because they did not include all Plaintiff's medical issues. Again, this Court disagrees. The record demonstrates the ALJ proffered questions based on a medically-supported RFC determination. So long as there is substantial evidence to support the ultimate question, the ALJ has "great latitude" in accepting or rejecting restrictions relating to potential hypothetical questions posed by it. *Martinez c. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986). Accordingly, the ALJ properly posed an accurate hypothetical question and appropriately relied upon the Vocational Expert's responses in finding the Plaintiff not disabled.

## CONCLUSION

For the reasons stated above, the ALJ's decision is AFFIRMED.

This __24__ day of October, 2008.

*[signature]*

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4